CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 30 2006

JOHN F. CORCORAN, CLERK
BY: 
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| THOMAS AGEE FITZGERALD, ) | |
|     Petitioner, ) | Civil Action No. 7:06CV00427 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| GENE M. JOHNSON, ) | By: Hon. Glen E. Conrad |
|     Respondent. ) | United States District Judge |

Thomas Agee Fitzgerald, a Virginia inmate proceeding pro se, filed this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Fitzgerald challenges the validity of his convictions in the Circuit Court for the City of Danville. The petition is presently before the court on respondent's motion to dismiss. For the reasons set forth below, the court will grant respondent's motion.

## BACKGROUND

Following a bench trial on March 18, 2003, Fitzgerald was found guilty of possession of cocaine with the intent to distribute and of a misdemeanor violation of the Alcoholic Beverage Control Act. On May 15, 2003, the Circuit Court sentenced him to a total term of imprisonment of fifteen years and six months, with eight years and six months suspended.

Fitzgerald appealed the convictions to the Court of Appeals of Virginia. On December 4, 2003, a judge on the Court of Appeals denied Fitzgerald's petition for appeal. The decision was upheld by a three-judge panel on May 10, 2004.

Fitzgerald then filed a petition for appeal in the Supreme Court of Virginia. The petition for appeal was refused on September 29, 2004. On September 19, 2005, Fitzgerald filed a petition for writ of habeas corpus in the Supreme Court of Virginia. The petition was dismissed on March 22, 2006.

Fitzgerald filed the instant petition on July 7, 2006. The petition includes the following claims:

1. The evidence presented at trial did not prove beyond a reasonable doubt that he possessed the cocaine found in his residence.

2. Fitzgerald's due process rights were violated by the introduction of his confession, which was unlawfully induced by a promise of immunity.

3. Fitzgerald's trial counsel was ineffective for failing to move to suppress the involuntary confession.

4. Fitzgerald's trial counsel was ineffective for failing to object to the admission of certain hearsay testimony.

On September 20, 2006, the respondent filed his Rule 5 answer and motion to dismiss.[1] Since Fitzgerald has now filed a response, the petition is ripe for review.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2254(b), a petitioner challenging a state court conviction must first exhaust remedies available in the courts of the state in which he was convicted before seeking federal habeas review. See Preiser v. Rodriguez, 411 U.S. 475 (1973). When a claim has been adjudicated on the merits by a state court, this court may grant habeas relief only if the state court's adjudication of the claims "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). The United States Supreme Court has explained that this statute "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict

---

[1] Pursuant to Rule 5 of the Rules Governing Section 2254 Cases and the service order entered August 4, 2006, the respondent submitted all relevant state court records. The records consist of the original case file from the Circuit Court for the City of Danville and certified copies of the case filings in the Supreme Court of Virginia.

2

with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000) (internal citations omitted). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Id. at 389.

## DISCUSSION

A.  Claim 1

In claim 1, Fitzgerald argues that the evidence produced at trial was insufficient to prove beyond a reasonable doubt that he possessed the cocaine found in his apartment. In order to convict a defendant of possession of a narcotic drug under Virginia law, "it generally is necessary to show that defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it." Ritter v. Commonwealth, 210 Va. 732, 741, 173 S.E.2d 799, 805 (Va. 1970). "Physical possession giving the defendant 'immediate and exclusive control' is sufficient." Ritter, 210 Va. at 741, 173 S.E.2d at 805-806. Alternatively, "[t]he defendant may be shown to have had constructive possession by establishing that the drugs involved were subject to his dominion or control." Ritter, 210 Va. at 741, 173 S.E.2d at 806.

Fitzgerald raised the same claim on direct appeal. Upon reviewing the claim, the Court of Appeals of Virginia ultimately concluded that the Commonwealth's evidence "was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that [Fitzgerald] constructively possessed cocaine with the intent to distribute." For the following reasons, the court concludes that the Court of Appeals' decision is entitled to deference under 28 U.S.C. § 2254(d).

When reviewing the sufficiency of the evidence to support a conviction, the critical inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, any

3

rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). The court must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). Applying these principles to this case, the court concludes that any rational trier of fact could have found the essential elements of the crime at issue beyond a reasonable doubt.

Dennis Haley, an Investigator with the Police Department for the City of Danville, testified that he executed a search warrant at Fitzgerald's residence on October 18, 2002. (Tr. at 7-8). A woman, who identified herself as Fitzgerald's wife, opened the door and permitted Haley and the other police officers to enter the house. (Tr. at 8-9). Two pill bottles were found in a hallway closet across from Fitzgerald's bedroom. (Tr. at 10). One bottle contained eighteen individually wrapped rocks of cocaine, and the other contained six rocks of cocaine. (Tr. at 10). Additionally, a Bentyl bottle containing plastic bags of cocaine was found on a dresser in Fitzgerald's bedroom. (Tr. at 10). The bedroom also contained clean plastic bags and a scanner tuned to a police frequency. (Tr. at 11). Fitzgerald acknowledged that the bedroom belonged to him. (Tr. at 15). Upon showing Fitzgerald the bottles of cocaine, Fitzgerald agreed to make a statement to Detective Haley. (Tr. at 11-12). Haley summarized the statement as follows:

> He indicated that he worked for his money but that selling drugs gave him a little extra money. He said that he did not use drugs and neither does his wife. ... He said the crack and powder he had because some people just prefer powder over the crack, and he said that it was just for selling, that he gets [his] urine tested regularly and that he is clean.

(Tr. at 12). After taking the statement, Haley placed the bottles in individual packages. (Tr. at 13). He later placed them in "lockup" at the Police Department until he could deliver them to the

4

state lab for analysis. (Tr. at 13). The lab analysis confirmed that each of the bottles contained cocaine.

For its evidence, the defense first called Brenda Williams. Williams testified that she caught a ride to Fitzgerald's house in October of 2002, so that she could sell some clothing to Fitzgerald's wife. (Tr. at 18). Williams testified that she found three vials in the car that she was riding in, and that she put the vials in her bag of "hot merchandise." (Tr. at 18). Once she arrived at Fitzgerald's house, she realized that the vials contained cocaine. (Tr. at 19). She asked Fitzgerald's fifteen-year-old son, Demetrius, to keep the vials for her while she briefly left the house. (Tr. at 19). While she was away, she found out that police officers had been to Fitzgerald's house. (Tr. at 19). On cross-examination, Williams admitted that she was a cocaine addict, and that she could not remember the precise date on which the aforementioned events occurred. (Tr. at 19, 22). Fitzgerald also testified at trial. Fitzgerald admitted that he told Haley that the cocaine belonged to him. (Tr. at 25). However, Fitzgerald testified that he lied to Haley in order to protect his son, because he knew his son "had something to do with it." (Tr. at 25, 30). Fitzgerald testified that he had just been released from prison for distributing cocaine and he "didn't want to see [his] son go down that same road." (Tr. at 25). Although Demetrius Townes, Fitzgerald's son, was called to the witness stand, the defense decided not to ask him any questions. (Tr. at 43).

When viewed in the light most favorable to the Commonwealth, the court agrees with the respondent that the evidence is sufficient to support Fitzgerald's narcotics conviction. Based on the evidence presented at trial, <u>any</u> rational trier of fact could have discredited the testimony presented by the defense and concluded that Fitzgerald possessed the cocaine found in his

5

residence for the purpose of distribution. Accordingly, the court concludes that claim 1 must be dismissed.

B.  Claims 2 and 3

In claim 2, Fitzgerald alleges that his due process rights were violated by the introduction of his confession, which was allegedly induced by a promise of immunity. In claim 3, Fitzgerald alleges that his attorney was ineffective for failing to move to suppress the confession.

Fitzgerald raised the same claims in his state habeas petition. The Supreme Court of Virginia ruled that claim 2 was procedurally barred pursuant to Slayton v. Parrigan, 215 Va. 27, 29, 205 S.E.2d 680, 682 (1974), because the claim could have been raised at trial and on direct appeal. The United States Court of Appeals for the Fourth Circuit has repeatedly held that the rule set forth in Slayton constitutes an adequate and independent state ground for the denial of habeas relief. See Fitzgerald v. Greene, 150 F.3d 357, 366 (4th Cir. 1998); Fisher v. Angelone, 163 F.3d 835, 853 (4th Cir. 1998); Wright v. Angelone, 151 F.3d 151, 159-60 (4th Cir. 1998). Therefore, claim 2 may not be reviewed by this court "absent cause and prejudice or a miscarriage of justice to excuse the procedural default." Fisher, 163 F.3d at 853-854.

Fitzgerald argues that cause and prejudice exist to excuse the procedural default, because his trial counsel was constitutionally ineffective for failing to move to suppress the confession at trial. See Murray v. Carrier, 477 U.S. 478, 488 (1986) (holding that constitutionally ineffective assistance of counsel may establish cause for a procedural default). Thus, Fitzgerald has presented as cause for his procedural default of claim 2, an ineffective assistance claim that is identical to claim 3. For the following reasons, the court concludes that Fitzgerald's trial counsel was not constitutionally ineffective for failing to move to suppress the confession, and thus, that both claims must be dismissed.

6

A criminal defendant's right to effective assistance of counsel is protected by the Sixth Amendment to the United States Constitution. In Strickland v. Washington, 466 U.S. 668, 669 (1984), the United States Supreme Court set forth a two-prong test for evaluating ineffective assistance claims. The defendant must show that his counsel's performance fell "below an objective standard of reasonableness," and that the "deficient performance" must have "prejudiced the defense." Id. at 687-688. The prejudice prong "generally requires the defendant to demonstrate by a reasonable probability that, but for counsel's error, the result of the proceeding would have been different." Frazer v. South Carolina, 430 F.3d 696, 703 (4th Cir. 2005).

To support the claim that his trial counsel was ineffective for failing to move to suppress the confession, Fitzgerald has submitted affidavits from himself, his girlfriend, and his son, which state that Fitzgerald informed counsel prior to trial that Detective Haley had promised not to arrest him in exchange for his confession. However, the trial transcript demonstrates that Fitzgerald did not confess on the basis of any promises made by Haley. At trial, Haley testified regarding the circumstances surrounding the confession. Haley testified that after reading Fitzgerald his Miranda rights, Fitzgerald agreed to give a statement. (Tr. at 11-12). Haley then summarized the statement provided by Fitzgerald. (Tr. at 12). When given the opportunity to testify himself, Fitzgerald did not dispute Haley's testimony regarding the statement or indicate that his confession was induced by any sort of promise. Instead, Fitzgerald confirmed Haley's version of the events, and attempted to nullify the statement on the basis that he lied to protect his son. (Tr. at 26-30). Based on Fitzgerald's sworn testimony at trial, the court concludes that he has failed to establish that trial counsel's performance was constitutionally deficient, or that

7

there is a reasonable probability that the outcome of the proceeding would have been different, had trial counsel moved to suppress the confession. Thus, claims 2 and 3 must be dismissed.

C. Claim 4

In his final claim, Fitzgerald alleges that trial counsel was ineffective for failing to argue that Detective Haley's testimony regarding the discovery of the cocaine was inadmissible hearsay. Fitzgerald contends that Haley "did not personally witness the discovery of the drugs," and that the Commonwealth failed to offer any evidence to show that the officers who did discover the drugs were unavailable to testify.

Fitzgerald raised the same claim in his state habeas petition. The Supreme Court of Virginia concluded that the claim failed to satisfy either prong of the Strickland test. In reaching this decision, the Supreme Court explained as follows:

> The record, including the trial transcript and the affidavit from Detective Haley, demonstrates that Detective Haley's testimony was not hearsay. Detective Haley described the discovery of the alcohol and drugs by other officers and explained that he went to each of the locations and obtained the contraband. As Detective Haley's testimony did not consist of hearsay, counsel had no reason to object to the testimony on hearsay grounds. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Having reviewed the record, the court agrees with the respondent that the Supreme Court's decision did not involve an unreasonable application of clearly established federal law or an unreasonable determination of the facts. Accordingly, claim 4 must be dismissed.

8

Case 7:06-cv-00427-GEC-mfu   Document 21   Filed 11/30/06   Page 8 of 9   Pageid#: 222

## CONCLUSION

For the reasons stated, the court will grant the respondent's motion to dismiss.[2] The Clerk is directed to send certified copies of this opinion and the accompanying order to the petitioner and counsel of record for respondent.

ENTER: This 30th day of November, 2006.

                                                                                                    United States District Judge

---

[2] Having concluded that the petitioner's claims must be dismissed, the court will deny the petitioner's request for an evidentiary hearing.

Case 7:06-cv-00427-GEC-mfu   Document 21   Filed 11/30/06   Page 9 of 9   Pageid#: 223